UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERRY E. SPICER,

        Plaintiff,

    v.

DR. HENRY RICHARDS,

        Defendant.

Case No. 07-5109 FDB/KLS

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Before the court is Plaintiff's motion for appointment of counsel. (Dkt. # 30). Having carefully reviewed the motion, Defendant's response and declaration in opposition (Dkts. # 31 and 32) and balance of the record, the court finds for the reasons stated below that Plaintiff's motion should be denied.

**I. BACKGROUND**

Plaintiff is a resident of the Special Commitment Center (SCC), a total confinement treatment and care facility for persons committed or detained as sexually violent predators. (Dkt. # 24, p. 2). Plaintiff is a pre-trial detainee, alleging that Defendant Richard violated his rights regarding various aspects of life at SCC. (Dkt. # 6). His Amended Complaint is virtually identical to a number of other cases with which this court is familiar. (Dkt. # 16, Attachments A-C; *Scott v. Richards*, C04-5582 RBL/JKA (issues including level system, access to cellular telephones, pagers, and computer devices, trailer visits, condition of the SCC dining room, and declaratory relief regarding these issues); *McManus v. Richards,* C05-5564 FDB/JKA (same issues), *Fox v. Richards,*

ORDER - 1

C06-5063 RBL/KLS (same issues).

Plaintiff moved for declaratory relief as to SCC's level system and limitations on sexually explicit materials. (Dkt. # 12). Defendant responded and filed a cross-motion for summary judgment. (Dkt. # 17). The Court granted Defendant's motion for summary judgment. (Dkt. # 27). Five of Plaintiff's claims of constitutional violations remain in this action: (1) possession of specific property within the SCC's total confinement treatment facility (i.e., cellular telephone, pager, computer, and computer color print cartridge), (2) the ambient noise level and temperature of meals served in the SCC resident dining room, (3) lack of "trailer visits" (i.e., "conjugal" or "contact" visits); (4) insufficient telephone access, and (5) conditions of confinement that are "worse" than prison. (Dkt. # 6).

Plaintiff states that the facts of this case are too complex for him to litigate and that his claims are meritorious. (Dkt. # 30, p. 1). Plaintiff also states that defense counsel has not agreed to scheduling the deposition of Defendant Richards. *Id*.

## II. DISCUSSION

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe,* 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under Section 1915(d). *Id*.

Although Plaintiff states that his claims have merit, Plaintiff has not demonstrated that he cannot articulate his claims, that the issues in this case are complex or that there is a likelihood of success on the merits. The difficulties claimed by Plaintiff are of the type which many pro se litigants encounter and do not indicate exceptional factors. The pleadings filed in this case indicate

ORDER - 2

1 that Plaintiff is able to articulate his claims and cite to relevant authority.

2     In addition, defense counsel submits her declaration that two days before she received Plaintiff's motion, she and Plaintiff agreed that the Plaintiff will depose Defendant Richards on May 6, 2008.

5     Accordingly, the Court finds that counsel is not necessary in this case and Plaintiff's motion to appoint counsel (Dkt. # 30) is **DENIED**.

7     The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendant.

8     DATED this  15th  day of May, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3