UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERRY SPICER,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. RICHARDS,<br><br>        Defendant. | Case No. C07-5109 FDB<br><br>ORDER DENYING PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION DENYING APPOINTMENT OF COUNSEL |

      This matter comes before the Court on Plaintiff Spicer's Objection to the Magistrate Judge's Order denying request for appointment of counsel. The Magistrate Judge referred the Objection to this Court for consideration. The Court is not persuaded by Plaintiff's argument in Objection to the Magistrate Judge's Order. The Court, having reviewed the Objection, the Order denying motion for appointment of counsel, and the record contained herein, finds for the reasons stated below that Plaintiff's motion for appointment of counsel should be denied.

      Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(d), the Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. Id.; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). While the Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989). In order to determine whether exceptional circumstances exist, the Court evaluates the plaintiff's likelihood of success on the merits and the

ORDER - 1

ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. Wood, at 1335-36; Richards v. Harper, 864 F.2d 85, 87 (9th Cir. 1988).

Plaintiff has demonstrated an adequate ability to articulate the claims pro se. The Court is familiar with Plaintiff and the number of other like-cases he has filed. The difficulties claimed by Plaintiff to be exceptional or no different than the type generally faced by pro se litigants and do not constitute exceptional circumstances justifying appointment of counsel. Moreover, Plaintiff has not demonstrated a likelihood of success on the merits or exceptional circumstances which warrant appointment of counsel. Accordingly, Plaintiff's motion for appointment of counsel is denied.

ACCORDINGLY;

IT IS ORDERED:

(1) Plaintiff's Objection to the Magistrate Judge's Order denying motion for appointment of counsel [Dkt # 44] is **DENIED**. Plaintiff is not entitled to court appointed counsel.

(2) The Clerk is directed to send copies of this Order to Plaintiff, counsel for Defendants and to the Hon. Karen L. Strombom.

DATED this 16th day of June, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2