UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERRY SPICER,

    Plaintiff,

v.

DR. RICHARDS,

    Defendant.

Case No. C07-5109 FDB

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND DENYING APPOINTMENT OF COUNSEL

    Plaintiff has filed a motion for leave to proceed *in forma pauperis* on appeal of the above entitled civil rights action. The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, requires that prisoners who bring civil actions or appeals from civil actions must "pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The filing fee is $455.00. Prisoners who are unable to pay the full amount of the filing fee at the time that their actions or appeals are filed are generally required to pay part of the fee and then to pay the remainder of the fee in installments. 28 U.S.C. § 1915(b). A court may authorize a petitioner to prosecute an action in federal court without prepayment of fees or security if the petitioner submits an affidavit showing he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). The affidavit must include a statement of all assets such prisoner possesses and that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a)(1). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action

ORDER - 1

is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); <u>Taylor v. Delatoore</u>, 281 F.3d 844, 847 (9th Cir. 2002).

A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under 28 U.S.C. § 1915(a)(1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2). Using these certified trust account statements, the Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months, whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with which to pay. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4); <u>Taylor</u>, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2); <u>Taylor</u>, 281 F.3d at 847.

Plaintiff has not submitted an affidavit that complies with 28 U.S.C. § 1915(a)(1). Nor has Plaintiff filed a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2). Accordingly, Plaintiff's motion to proceed *in forma pauperis* must be denied.

Moreover, Plaintiff's financial status does not end the Court's inquiry. The PLRA also obligates the Court to review notice of appeals filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must *sua sponte* dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or

ORDER - 2

which seeks damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000); Resnick v. Hayes, 213 F.3d 443, 446 (9th Cir. 2000).

As indicated in the Order dismissing Plaintiff's action, Plaintiff alleges his rights were violated during confinement regarding (1) possession of specific property, (2) ambient noise level and temperature of meals in the resident dining hall, (3) lack of conjugal or contact visits, (4) insufficient telephone access, (5) interference with religious ministry, and (6) conditions of confinement worse than prison. This Court found the Special Commitment Center policies reasonably related to legitimate penological interest and that there was uncontroverted evidence that Plaintiff's rights were not violated.

Accordingly, the appeal lacks an arguable basis in fact and/or law and thus the Court finds that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Plaintiff also moves for appointment of counsel on appeal. Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(d), the court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. Id.; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). While the court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989). In order to determine whether exceptional circumstances exist, the court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. Wood, at 1335-36; Richards v. Harper, 864 F.2d 85, 87 (9th Cir. 1988).

Plaintiff has demonstrated an adequate ability to articulate the claims *pro se.* Moreover, Plaintiff has not demonstrated a likelihood of success on the merits or exceptional circumstances which warrant appointment of counsel. Accordingly, Plaintiff's motion for appointment of counsel will be denied.

ORDER - 3

1  ACCORDINGLY;

2  IT IS ORDERED:

3  Plaintiff's Application to Proceed *In Forma Pauperis* on Appeal and for appointment of
4  counsel [Dkt #57] is **DENIED.**  The Court certifies that the notice of appeal is not taken in
5  good faith.

7  DATED this 8th day of September, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4